UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOANNE THOMAS-YOUNG,

                              Plaintiff,

        v.                                                        **DECISION AND ORDER**
                                                                  11-CV-930S
UNITED STATES OF AMERICA

                              Defendant.


## I.  INTRODUCTION

Plaintiff commenced this action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2671 *et seq.* She seeks damages for injuries she allegedly sustained in an automobile accident caused by a United States Postal Service employee. Presently before this Court are Defendant's motion for summary judgment dismissing the complaint and Plaintiff's cross-motion for summary judgment on the issue of negligence.  The Court finds both motions fully briefed and oral argument unnecessary.

For the reasons that follow, Defendant's motion is granted, Plaintiff's cross-motion is denied as moot, and the complaint is dismissed.


## II. BACKGROUND

The present action is the result of an accident occurring in Buffalo, New York, on December 20, 2010.  The facts of the accident itself are not in dispute.  Plaintiff was traveling west on William Street when a postal letter carrier, attempting to make a left hand turn onto William Street, crossed into traffic in front of her.  Plaintiff attempted to avoid the

postal truck, but the vehicles collided. (Docket No. 34-3 at 20-24.)

Plaintiff commenced the instant action in November 2011, and she alleges that the accident exacerbated her pre-existing cervical spinal pain from a 2003 injury. (Docket No. 34-2 at 4.)  Plaintiff was also involved in additional car accidents during 2010.  The first occurred on September 3, 2010, when Plaintiff ran into the passenger side door of another vehicle while attempting to enter traffic from a driveway. (Docket Nos. 34-9 at 2; 35 ¶ 7.) The second occurred on December 22, 2010, two days after the accident at issue in the present case. (Docket No. 35 ¶ 8.) During this accident, Plaintiff rear ended another vehicle that was stopped at a traffic light. (Docket No. 34-10 at 2.)

Plaintiff sought medical attention for neck pain on December 22, 2010. (Docket No. 34-4 at 8-9.)  She was subsequently referred to a neurosurgeon in February 2011, who recommended cervical spine surgery.  That surgery was performed in May 2011, and a subsequent surgery was performed in November 2011 to remove a cervical plate and screw that had loosened.  (Docket No. 38-10 ¶¶ 4, 9-11, 14-15.)

### III. DISCUSSION

"A motion for summary judgment may properly be granted . . . only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law." <u>Kaytor v. Elec. Boat Corp.</u>, 609 F.3d 537, 545 (2d Cir. 2010). A court's function on a summary judgment motion "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." <u>Kaytor</u>, 609 F.3d at 545 (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "A

dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Anderson, 477 U.S. at 248), *cert denied*, 540 U.S. 811 (2003).  A court must also "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).

Defendant contends that it is entitled to summary judgment because Plaintiff has not suffered an economic injury in excess of $50,000 or a "serious injury" caused by the subject accident as defined by New York[1] Insurance Law § 5102(d).  Defendant argues that, as such, Plaintiff's claims are barred by New York's No Fault law.  There is no dispute that Plaintiff's property damage claim is for only $843.79,[2] (Compl. ¶¶ 14-18), therefore resolution of Defendant's motion turns on the issue of serious injury.

In order to weed out frivolous claims and limit recovery to significant injuries, New York's No Fault law requires that a plaintiff commencing an action for damages as a result of a motor vehicle accident establish that he or she sustained a serious injury. See N.Y. Insurance Law § 5104(a); Pommells v. Perez, 4 N.Y.3d 566, 571, 830 N.E.2d 278 (2005); Toure v. Avis Rent A Car Sys., 98 N.Y.2d 345, 350, 774 N.E.3d 1197 (2002); Dufel v. Green, 84 N.Y.2d 795, 798, 647 N.E.2d 105 (1995).

"Serious injury" means a personal injury which results in death;

---

[1]Defendant's liability under the Federal Tort Claims Act is determined by the law of the state where the accident occurred, i.e. New York.   Ventra v. United States, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000).

[2]Indeed, Plaintiff does not respond to this point in Defendant's brief. See Taylor v. City of New York, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003) (failure to address argument raised in summary judgment motion constitutes abandonment).

dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days ["90/180"] immediately following the occurrence of the injury or impairment.

N.Y. Insurance Law § 5102(d).

To establish entitlement to summary judgment, a defendant must establish a *prima facie* case that the plaintiff has not sustained a serious injury as defined by § 5102(d). Gaddy v. Eyler, 79 N.Y.2d 955, 956, 591 N.E.2d 1176 (1992). The question of whether a plaintiff has suffered a serious injury is a threshold question of law for the court to determine. Yong Qin Luo v. Mikel, 625 F.3d 772, 776-77 (2d Cir. 2010); Licari v. Elliott, 57 N.Y.2d 230, 236, 441 N.E.2d 1088 (1982).

In order to prove the extent or degree of physical limitation, an expert's designation of a numeric percentage of a plaintiff's loss of range of motion can be used to substantiate a claim of serious injury. An expert's qualitative assessment of a plaintiff's condition also may suffice, provided that the evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system. When supported by objective evidence, an expert's qualitative assessment of the seriousness of a plaintiff's injuries can be tested during cross-examination, challenged by another expert and weighed by the trier of fact.  By contrast, an expert's opinion unsupported by an objective basis may be wholly speculative, thereby frustrating the intent of [New York's] No-Fault Law to eliminate statutorily-insignificant injuries or frivolous claims.

Toure, 98 N.Y.2d at 350-51 (internal citations and emphasis omitted); see Yong Qin Luo, 625 F.3d at 777; Dufel, 84 N.Y.2d at 798.

In support of its motion, Defendant submits the reports and declaration of Anthony M. Leone, M.D., each of which is affirmed under penalty of perjury.  See generally Marsh

4

v. Wolfson, 186 A.D.2d 115, 115-16, 587 N.Y.S.2d 695 (N.Y.A.D. 2d Dep't 1992)(a

defendant may rely on the unsworn reports of a plaintiff's own physicians or the opinions

of other physicians submitted in admissible form to establish entitlement to summary

judgment).   Dr. Leone noted that the cervical areas allegedly injured in the subject

accident, C3-4 and C6-7, surrounded that part of the spine on which the anterior cervical

disketomy was performed in 2003. (Docket No. 34-7 ¶ 35.) This was "not a coincidence"

because "[i]t is well known and documented in the literature that the discs above a fusion

and below a fusion are subject to increased stress and increased wear." (Id. (emphasis in

original).)

> Dr. Leone further opined that Plaintiff's January 2011 MRI:
>
> clearly showed degenerative changes and blatant signs of wear and tear that
> were no doubt due to the increased stress put upon those two discs by the
> fusion that had been performed from the injury in 2003.  Clearly at the age
> of 47, when this accident occurred, [Plaintiff] already had significant disc
> abnormalities at C3-4 and C6-7, and was no doubt headed towards a fusion
> at those two levels due to the fact that she already had significant damage
> to those discs due to the prior fusion which accelerated the wear-and-tear
> process at C3-4 and C6-7." (Id. ¶ 36.)  This damage "would have ultimately
> led to additional surgery at C3-4 and C6-7 at some point in time, regardless
> of whether or not [the subject accident] happened or not.

(Id. ¶ 37; see id. ¶ 21.)  Dr. Leone concluded:

> While the incident of 2010 may have inflamed and aggravated these two
> areas, the incident did not, by any means, cause the disc abnormalities
> noted at those two levels and did not cause the wear-and-tear, degenerative
> disc disease, facet degeneration, endplate changes etc. that were noted on
> the MRI.  I believe with absolute medical certainty that the pathology at C3-4
> and C6-7 was not caused by the December 20, 2010 incident.

(Id. ¶ 38.)

In arguing that Defendant failed to establish a *prima facie* case of entitlement to

summary judgment, Plaintiff highlights the concession that "the incident of 2010 may have

inflamed and aggravated" her cervical spine. (Id.; Docket No. 38-14 at 3, 9.) "It is well settled that the aggravation of an *asymptomatic* condition can constitute a serious injury within the meaning of § 5102." Verkey v. Hebard, 99 A.D.3d 1205, 1206, 952 N.Y.S.2d 356 (N.Y.A.D. 4th Dep't 2012) (emphasis added); Talcott v. Zurenda, 48 A.D.3d 989, 991, 853 N.Y.S.2d 192 (N.Y.A.D. 3d Dep't 2008) (medical opinion that but for the accident, plaintiff "could have remaining asymptomatic throughout his life," sufficient to establish serious injury); see Sanchez v. Travelers Co., 658 F. Supp. 2d 499, 507 (W.D.N.Y. 2009) (aggravation of an asymptomatic pre-existing condition may constitute serious injury under § 5102).

In contrast, however, a defendant may establish its entitlement to summary judgment where a plaintiff's alleged injuries "are clearly an aggravation of a pre-existing *symptomatic* condition." Pugh v. DeSantis, 37 A.D.3d 1026, 1027, 830 N.Y.S.2d 823 (N.Y.A.D. 3d Dep't 2007) (emphasis added).  Here, Dr. Leone specifically highlighted Plaintiff's complaints of neck and back during the two months prior to the subject accident. As summarized by Dr. Leone, Plaintiff treated with Dr. Pratibha Bansal in October and November 2010, at which time her symptoms included neck pain aggravated by activity; muscle spasm in the neck, shoulder and upper back; and frontal headaches. (Docket No. 34-7 ¶ 32.)  Plaintiff had a seven-year history of neck and low back pain at that time. (Id.) In October 2010, Dr. Bansal found that Plaintiff had a fifty-percent decreased range of motion in all directions and by November 29, 2010, Plaintiff's "chief complaint" as reported was "constant upper and lower back pain.  (Id. ¶¶ 33-34.)  Dr. Leone found that these records "indicate[d] that the Plaintiff's complaints of pain and injuries were preexisting and predate the December 20, 2010 accident," and such complaints were "entirely consistent"

6

with his conclusion that the damage to the C3-4 and C6-7 area of the cervical spine was degenerative. (Docket No. 34-7 ¶ 40.) Accordingly, Defendant's physician concluded that "Plaintiff's injuries were due to a pre-existing symptomatic condition that was well documented in the Plaintiff's medical records." (Id. ¶ 42 (emphasis in original).)   This is sufficient to establish Defendant's *prima facie* entitlement to summary judgment on the ground that Plaintiff has not suffered a serious injury causally related to the December 20, 2010 accident. Pugh, 37 A.D.3d at 1027.

The burden therefore shifts to Plaintiff to submit sufficient evidence to raise a triable issue of material fact that her injuries are in fact causally related to the subject accident. Pommells, 4 N.Y.3d at 580.  She failed to meet this burden.  Plaintiff submitted the declaration of the neurosurgeon who treated her in 2011.  (Docket No. 38-10.)  Therein he summarily states that Plaintiff "has a history of cervical spine discomfort," but does not discuss or even reference Plaintiff's degenerative condition, a condition Plaintiff herself admits was previously diagnosed (Docket No. 34-4 at 11), or her treatment with Dr. Bansal just prior to the subject accident.  Absent such discussion, the neurosurgeon's conclusion that the December 20, 2010 accident "worsened [Plaintiff's] pain, severely restricted her cervical range of motion and worsened her radiculopathy" is without any objective support. (Docket No. 38-10 ¶ 16(1).)  The further absence of any reference to either the September 3 or December 22, 2010 accident in this declaration also supports a conclusion that the neurosurgeon's causation opinion is based on an incomplete picture of Plaintiff's medical history.  Defendant is therefore entitled to summary judgment on this issue.

## IV. CONCLUSION

Defendant has established its entitlement to summary judgment dismissing the complaint based on the absence of a causally-related serious injury.  As a result, Plaintiff's cross-motion for partial summary judgment on the issue of negligence is moot.

## V.  ORDERS

IT HEREBY IS ORDERED that Defendant's motion for summary judgment (Docket No. 32) is GRANTED and the complaint is dismissed;

FURTHER, that Plaintiff's cross-motion for partial summary judgment (Docket No. 38) is DENIED as moot;

FURTHER, that the status conference previously scheduled for May 14, 2014 at 10:00 a.m. is cancelled;

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:   April 26, 2014
          Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
Chief Judge
United States District Court